297-06/ROSS

FREEHILL HOGAN & MAHAR, LLP
Attorneys for CHINESE-POLISH
JOINT STOCK SHIPPING COMPANY and
STEMBLAR SHIPPING COMPANY LIMITED

80 Pine Street
New York, New York 10005
(212) 425-1900

James L. Ross (JR 6411)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------
UNIWIRE TRADING LLC,

           Plaintiff,

   - against –

M/V WLADYSLAW ORKAN, her engines,
boilers, etc., CHINESE-POLISH JOINT STOCK
SHIPPING COMPANY and STEMBLAR
SHIPPING COMPANY LIMITED,

           Defendants
-------------------------------------------------------------

ECF Case

07 CV 3427 (NRB)

**ANSWER TO VERIFIED COMPLAINT**

Defendants, CHINESE-POLISH JOINT STOCK SHIPPING COMPANY (hereinafter "CPJS") and STEMBLAR SHIPPING COMPANY LIMITED (hereinafter "STEMBLAR"), by their attorneys Freehill Hogan & Mahar, LLP, answering the Verified Complaint of the Plaintiff herein, allege upon information and belief, as follows:

FIRST:    Admit that the Verified Complaint alleges an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, but except as so admitted, deny the remaining allegations contained in Paragraph "FIRST" of the Verified Complaint.

NYDOCS1/284142.1

SECOND: Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "SECOND" of the Verified Complaint.

THIRD: Admit that Defendant CPJS had and now has an office and place of business as stated in Schedule "A" of the Complaint and that Defendant STEMBLAR had owned the vessel WLADYSLAW ORKAN at all relevant times, but except as so admitted, deny knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph "THIRD" of the Verified Complaint.

FOURTH: Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "FOURTH" of the Verified Complaint.

FIFTH: Admit that on or about April 28, 2006, the vessel WLADYSLAW ORKAN had received on board at Tianjin and Xingang, China a shipment of galvanized pipe for delivery to New Orleans pursuant to the agreed terms of the relevant ocean bill of lading, but except as so admitted, deny knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph "FIFTH" of the Verified Complaint.

SIXTH: Admit that the WLADYSLAW ORKAN arrived at the port of destination and delivered the shipment, but except as so admitted, deny the remaining allegations contained in Paragraph "SIXTH" of the Verified Complaint.

SEVENTH: Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "SEVENTH" of the Verified Complaint.

EIGHTH: Admit demand and non-payment, but except as so admitted, deny the remaining allegations contained in Paragraph "EIGHTH" of the Verified Complaint.

## FIRST DEFENSE

NINTH:   The Verified Complaint should be dismissed on the ground of Forum Non Conveniens and because the venue is improperly placed in this district.

## SECOND DEFENSE

TENTH:   The Verified Complaint should be dismissed based upon the forum selection clause contained in the bill of lading contract which requires all claims or litigations against the Defendants to be exclusively governed by Polish law and brought before the District Court of Gdansk, Poland.

## THIRD DEFENSE

ELEVENTH: The Verified Complaint fails to state a claim against Defendants upon which relief may be granted.

## FOURTH DEFENSE

TWELFTH:   Under the terms and conditions of certain contracts of carriage, which govern the rights and liabilities of the parties herein, the Defendants are not liable.

## FIFTH DEFENSE

THIRTEENTH:   Any liability of the Defendants, which is denied, is limited in an amount by the terms of the contracts of carriage and the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq*.

## SIXTH DEFENSE

FOURTEENTH:   If any loss and/or damage was sustained by the shipment referred to in the Verified Complaint, which is denied, such shortage and/or damage was

not caused by or contributed to by the Defendants, and such damage was not sustained by the shipment while in the care, custody or control of the Defendants.

### SEVENTH DEFENSE

FIFTEENTH: If any shortage and/or damage was sustained by the shipment referred to in the Verified Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others over whom Defendants have no control and for whom they have no liability.

### EIGHTH DEFENSE

SIXTEENTH: The shipment referred to in the Verified Complaint was allegedly received, loaded and carried pursuant to the terms of certain bills of lading. Under the terms of said contracts of carriage, the Defendants are not liable or their liability is limited.

### NINTH DEFENSE

SEVENTEENTH: If any loss or damage to the goods occurred, as alleged in the Verified Complaint, such loss or damage arose or resulted from excepted causes under COGSA or the act or neglect of third-parties over whom the Defendants have no control and for whom they have no liability.

### TENTH DEFENSE

EIGHTEENTH:    Plaintiff is not the real party of interest.

### ELEVENTH DEFENSE

NINETIETH: Plaintiff has failed to mitigate its damages.

## TWELFTH DEFNSE

      TWENTIETH:      The subject litigation should be dismissed because it fails to include indispensable parties.

**WHEREFORE**, Defendants pray that they have judgment dismissing the Plaintiff's Verified Complaint, together with costs, disbursements and reasonable attorney fees and that it have such other and different relief as the Court may deem just and proper under the premises.

Dated:    New York, New York
            May 30, 2007

                                        FREEHILL, HOGAN & MAHAR LLP
                                        Attorneys for Defendant CHINESE-POLISH JOINT STOCK SHIPPING and STEMBLAR SHIPPING COMPANY LIMITED

                                        By: _____
                                             James L. Ross (JR6411)
                                           80 Pine Street
                                           New York, New York
                                           212-425-1900

TO:        Nicoletti Hornig Campise Sweeney
            Attorneys for Plaintiff UNIWIRE TRADING LLC
            Wall Street Plaza
            88 Pine Street, 7th floor
            New York, New York 10005
            Attention: James F. Sweeney, Esq.
            (212) 220-3830