297-06/ROSS

FREEHILL HOGAN & MAHAR, LLP
Attorneys for CHINESE-POLISH JOINT
STOCK SHIPPING COMPANY and
STEMBLAR SHIPPING COMPANY LIMITED
80 Pine Street
New York, New York 10005
(212) 425-1900

James L. Ross (JR 6411)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNIWIRE TRADING LLC.,                                        ECF Case

                 Plaintiff,

                                                              07 CV 3427 (NRB)

  - against –

M/V WLADYSLAW ORKAN, her engines,
boilers, etc., CHINESE-POLISH JOINT STOCK
SHIPPING COMPANY and STEMBLAR
SHIPPING COMPANY LIMITED,

                 Defendants
-----------------------------------------------------------x

## MEMORANDUM OF LAW

                                                  FREEHILL HOGAN & MAHAR, LLP
                                                  Attorneys for Defendants CHINESE-
                                                  POLISH JOINT STOCK SHIPPING
                                                  COMPANY and STEMBLAR SHIPPING
                                                  COMPANY LIMITED
                                                  80 Pine Street
                                                  New York, New York 10005
                                                  (212) 425-1900

James L. Ross
  Of Counsel

# TABLE OF AUTHORITIES

**CASES:**                                                                 **PAGE**

*American Home Assurance Co. v. M/V HANJIN MARSEILLES,*
2004 U.S. Dist. LEXIS 9705 (S.D.N.Y. 2004)......................................................6

*Asoma Corp. v. M/V SOUTHGATE,*
1999 U.S. LEXIS 18974 (S.D.N.Y. 1999)............................................................5

*Bison Pulp & Paper Limited, et al.v. M/V PERGAMOS,*
1966 A.M.C. 2022, 2035 (S.D.N.Y. 1995)...........................................................6

*Carnival Cruise Lines, Inc. v. Eulala Shute,*
499 U.S. 595, 1991 A.M.C. 1691 (1991).............................................................5

*F.D. Import & Export Corp. v. M/V REEFER SUN,*
248 F. Supp. 2D 240 (S.D.N.Y. 2002).................................................................5

*Fireman's Fund Ins Co. v. Cho Yang Shipping Co.,*
131 F.3d 1336, 1998 A.M.C. 583 (9th Cir. 1997)................................................5

*Givaudan Delawanna v. Blijdendijk,*
91 F.Supp. 663, 666, 1950 A.M.C. 1235, 1238 (S.D.N.Y. 1959).......................2

*Glyphis Media, Inc. v. M/V CONTI SINGAPORE,*
2003 U.S. Dist. LEXIS 4387 (S.D.N.Y. 2003).....................................................5

*Hodes v. S.N.C. Achille Lauro Ed Altri-Gestione,*
858 F.2d 905, 912-13 (3d Cir. 1988)....................................................................4

*Hyundai Corp., U.S.A. v. Hull Ins. Proceeds of M/V VULCA,*
800 F.Supp. 124, 127 (D.N.J. 1992).....................................................................2

*Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,*
513 U.S. 527, 1995 A.M.C. 913 (1995.................................................................1

*Jon Boutari & Sons, Wines & Spirits, S.A. v. Artiki Importers &
Distributors, Inc.,*
23 F. 3d 51, 53 (2d Cir. 1994)...............................................................................6

*Kanematsu Corp. v. M/V GRETCHEN W,*
897 F. Supp,. 1314, 1317 (D. Or. 1995)...............................................................7

*LPR, SRL v. M/V CHALLENGER OVERSEAS, LLC, et al.,*
2000 A.M.C. 2887, 2890 (S.D.N.Y. 2000)..................................................................6

*M/S Bremen v. Zapata Off-Shore Co.,*
407 U.S. 1 (1972).........................................................................................................4

*Metropolitan Wholesale Supply, Inc. v. M/V ROYAL RAINBOW,*
12 F.3d 58, 61 (5th Cir. 1994).....................................................................................2

*Mitsui & Co. v. MIRA M/V,*
111 f. 2D 33, 36 (5th Cir. 1997)..................................................................................7

*Norfolk S. Ry. Co. v. Kirby,*
125 S. Ct. 385, 160 L. Ed. 2d 283 (2004)....................................................................1

*Robalen, Inc. v. Generale de Banque, S.A.,*
1998 U.S. Dist. LeXIS 3931 (S.D.N.Y. March 27, 1998)..........................................5

*Southern Pacific Transp. Co. v. Commercial Metals,*
456 U.S. 336, 342-43 (1982)......................................................................................2

*Thyssen, Inc. v. M/V ALPHA JUPITER,*
1998 A.M.C. 1102, 1104, 1997 WL 882 595, *7 (S.D.N.Y. 1997).........................6

*Thyssen, Inc. v. M/V MARKOS N,*
1999 U.S. Dist. LEXIS 12578, *af'd sub nom*.............................................................5

*Thyssen, Inc. v. Calypso Shipping Corp.,*
310 F.3d 102 (2d Cir. 2002), *cert. denied,* 123 S. Ct. 1573 (2003).........................5

*United Van Lines, Inc. v. Hellman,*
949 F.Supp. 126, 129 (E.D.N.Y. 1996).......................................................................2

*Vimar Seguros y Reaseguros v. M/V SKY REEFER,*
515 U.S. 528 (1995)................................................................................................4,7

*Wemhoener Pressen v. Ceres Marine Terminals, Inc.,*
5 F.3d 734, 738 (4th Cir. 1993)..................................................................................2

## PRELIMINARY STATEMENT

Defendants, CHINESE-POLISH JOINT STOCK SHIPPING COMPANY (hereinafter "CPJS") and STEMBLAR SHIPPING COMPANY LIMITED (hereinafter "STEMBLAR") submit this Memorandum of Law in support of their Motion to Dismiss the Verified Complaint of Plaintiff UNIWIRE TRADING LLC (hereinafter "UNIWIRE") on the basis of a mandatory jurisdiction clause contained in the bill of lading contract of carriage requiring any litigation against said Defendants to be brought before the District Court of Gdansk, Poland.

## JURISDICTION

Plaintiff's claim falls under the Court's admiralty and maritime jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and the federal maritime law governs this action. Norfolk S. Ry. Co. v. Kirby, 125 S. Ct. 385, 160 L. Ed. 2d 283 (2004); Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 1995 A.M.C. 913 (1995).

## FACTS

The subject litigation is a maritime claim alleging damage to two shipments of galvanized steel pipes (hereinafter referred to as "SHIPMENTS") transported by sea on board the vessel WLADYSLAW ORKAN. The SHIPMENTS were loaded on board the vessel at Xingang and Tianjin, China on or about April 28, 2006. The SHIPMENTS were carried to and discharged at New Orleans, Louisiana on or about June 15, 2006.

At all relevant times, the vessel was owned by Defendant STEMBLAR SHIPPING COMPANY LIMITED (hereinafter referred to as "STEMBLAR") and time chartered to Defendant CHINESE-POLISH JOINT STOCK SHIPPING COMPANY (hereinafter referred to as "CPJS"). (See ¶3 of moving Declaration of RADOSLAW CHMIELINSKI.) A copy of the Charter Party in effect between both Defendants is attached. (Exhibit "A", CHMIELINSKI Declaration.) The SHIPMENTS were carried pursuant to the terms and conditions of bills of lading CPJQOR15TXGNEW02 and CPJQOR15TXGNEW03 dated April 28, 2006. (Exhibits "B" and "C" attached to CHMIELINSKI Declaration.)

As the bill of lading contract is evidence of a voyage from China to the United States, the provisions of the United States Carriage of Goods by Sea Act (COGSA) applies by force of law pursuant to 46 USC §1300. This provision applies COGSA to "every bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States in foreign trade." See, *Senator Linie GmbH & Co. Kg. v. Sunway Line, Inc.*, 291 F.3d 145, 167 (2d Cir. 2002).

Under COGSA, the bill of lading sets forth the contractual terms between the parties to a shipment and the parties are bound by the bill of lading's provisions. See, Southern Pacific Transp. Co. v. Commercial Metals, 456 U.S. 336, 342-43 (1982); Wemhoener Pressen v. Ceres Marine Terminals, Inc., 5 F.3d 734, 738 (4th Cir. 1993); Metropolitan Wholesale Supply, Inc. v. M/V ROYAL RAINBOW, 12 F.3d 58, 61 (5th Cir. 1994); Hyundai Corp., U.S.A. v. Hull Ins. Proceeds of M/V VULCA, 800 F.Supp. 124, 127 (D.N.J. 1992); Givaudan Delawanna v. Blijdendijk, 91 F.Supp. 663, 666, 1950 AMC 1235, 1238 (S.D.N.Y. 1959); See also, United Van Lines, Inc. v. Hellman, 949 F.Supp. 126, 129

(E.D.N.Y. 1996) ("It is well-accepted that a bill of lading may not be modified by extrinsic or parol evidence.").

After discharging the SHIPMENTS at New Orleans, the WLADYSLAW ORKAN proceeded to New York, where other cargoes were scheduled to be discharged. On or about June 22, 2006, the vessel arrived at New York. The Plaintiff threatened to arrest the WLADYSLAW ORKAN while she was within the jurisdiction of the Southern District of New York.

In lieu of having the vessel delayed by virtue of an arrest, the West of England P&I Club for the Defendants posted a Club Letter of Undertaking ("LOU") in favor of the Plaintiff. Attached is a copy of the LOU dated June 22, 2006 (Exhibit "D"). The LOU was offered as security for any judgment obtained by the Plaintiff in the Southern District of New York or other competent Court solely regarding the IN REM claim. The basic purpose of the LOU was to place the Plaintiff in the same position it would have been in if the vessel had been arrested in New York. While the terms of the LOU (Exhibit "D") acknowledge that New York is a proper forum for the IN REM cause of action, it further provides in the last paragraph, as follows:

> This letter is written entirely without prejudice to any rights or defenses which the said vessel or Owners may have under the covering Bill(s) of Lading and/or Charter Parties and/or Statutes in effect, none of which is to be regarded as waived. (See Exhibit "D").

Thus, the effect of the LOU was to concede IN REM jurisdiction, but to reserve any rights or defenses which the Defendants might have under the bills of lading contracts of carriage.

3

Pursuant to the terms of the LOU, the vessel owners STEMBLAR made a restricted appearance pursuant to Federal Rules of Civil Procedure Supplemental Admiralty Rule E(8). Attached is a copy of the Verified Claim of Owner which was filed with the Court. (Exhibit "E"). As stated on page 2 of the Verified Claim of Owner, the appearance of STEMBLAR was expressly restricted to the defense of the IN REM action against the vessel and did not constitute an appearance for any other claim or purpose.

The relevant bills of lading contain on their face a "Law and Jurisdiction Clause", which states:

> LAW AND JURISDICTION CLAUSE
>
> Any claim or action against the Carrier arising from or in connection with this bill of lading whether in breach of contract or in tort or otherwise shall be exclusively governed by Polish law and brought before the District Court in Gdansk. (See, ¶9, CHMIELINSKI Declaration.)

Based upon this exclusive and mandatory jurisdiction clause, the Defendants now move to have the subject litigation dismissed.

## ARGUMENT

### POINT I

### THE FORUM SELECTION CLAUSE IN AN OCEAN BILL OF LADING IS ENTITLED TO A PRESUMPTION OF VALIDITY

Forum selection clauses are presumed to be *prima facie* valid under federal maritime law. See M/S BREMEN v. Zapata Off-Shore Co., 407 U.S. 1 (1972). See also Vimar Seguros y Reaseguros v. M/V SKY REEFER, 515 U.S. 528 (1995) (extending rational of BREMEN to international forum selection clauses contained in bills of lading); Hodes v. S.N.C. Achille Lauro Ed Altri-Gestione, 858 F.2d 905, 912-13 (3d Cir.

4

1988), cert. dismissed, 109 S.Ct. 1633, overruled on other grounds, 109 S.Ct. 1976 (1989); Carnival Cruise Lines, Inc. v. Eulala Shute, 499 U.S. 595, 1991 AMC 1691 (1991).

In accord with the Supreme Court's findings in M/S BREMEN and M/V SKY REEFER, the courts in the Second Circuit have consistently held forum selection clauses are "presumptively valid." Glyphics Media, Inc. v. M/V CONTI SINGAPORE, 2003 U.S. Dist. LEXIS 4387 (S.D.N.Y. 2003), quoting Asoma Corp.v. M/V SOUTHGATE, 1999 U.S. Dist. LEXIS 18974 (S.D.N.Y. 1999).

Moreover, it is well-settled that a "broad" forum selection clause, governing any claim or action arising under the bill of lading, covers claims connected to the carriage, even when claims are alleged to fall outside the contract on bailment or tort theories. See, Thyssen, Inc. v. M/V MARKOS N, 1999 U.S. Dist. LEXIS 12578, af'd sub nom., Thyssen, Inc. v. Calypso Shipping Corp., 310 F.3d 102 (2d Cir. 2002), cert. denied, 123 S. Ct. 1573 (2003); Robalen, Inc. v. Generale de Banque, S.A., 1998 U.S. Dist. LEXIS 3931 (S.D.N.Y. March 27, 1998); See also, Fireman's Fund Ins. Co. v. Cho Yang Shipping Co., 131 F.3d 1336, 1998 AMC 583 (9th Cir. 1997); F.D. Import & Export Corp. v. M/V REEFER SUN, 248 F.Supp. 2d 240 (S.D.N.Y. 2002).

### POINT II

### THE BILL OF LADING FORUM SELECTION CLAUSE IS SUFFICIENTLY BROAD, MANDATORY AND EXCLUSIVE

The bill of lading "Law and Jurisdiction Clause" provides that "Any claim or action...shall be exclusively....brought before the District Court in Gdansk". This language is clearly sufficiently broad to cover any claim or action. It also evidences a clear intent of

the Parties that all claims must be brought exclusively before the District Court of Gdansk, Poland. The language "shall" in the bill of lading creates a "mandatory and exclusive" forum selection clause, which must be enforced as such. See, Jon Boutari & Sons, Wines & Spirits, S.A. v. Artiki Importers & Distributors, Inc., 23 F. 3d 51, 53 (2 Cir. 1994); American Home Assurance Co. v. M/V HANJIN MARSEILLES, 2004 U.S. Dist. LEXIS 9705 (S.D.N.Y. 2004) ("Forum selection clauses that contain the term "shall" generally are held to be mandatory clauses that must be enforced." Id. at *12).

Defendants' position regarding the mandatory and exclusive nature of the forum selection clause is further supported by LPR, SRL v. M/V CHALLENGER OVERSEAS, LLC., et al., 2000 AMC 2887, 2890 (S.D.N.Y. 2000). In this decision, the Southern District Court of New York stated:

> The language of the forum selection clause does not merely indicate that the Court in the People's Republic of China shall have jurisdiction over all disputes. Instead, it mandates that such disputes must be resolved in that forum. See, e.g., Bison Pulp & Paper Limited, et al. v. M/V PERGAMOS, 1996 A.M.C. 2022, 2035(S.D.N.Y. 1995). The clause in this case requires that 'any action' against the carrier 'shall be brought' in a maritime court in the People's Republic of China. To hear such a dispute in any other court would be inconsistent with the explicit forum selection clause. The clause does not simply create jurisdiction in the court in China, it creates exclusive jurisdiction. See, Thyssen, Inc. v. M/V ALPHA JUPITER, 1998 A.M.C. 1102, 1104, 1997 WL 882 595, *7 (S.D.N.Y. 1997). (Emphasis added).

The above language 'any action' and 'shall be brought' in the M/V CHALLENGER OVERSEAS matter is almost identical to the language contained in the CPJS bill of lading, which provides in part:

> Any claim or action. . . . . .shall be exclusively. . . . .brought before
> the District Court in Gdansk.

As such, the forum selection clause is not merely permissive; but mandatory and exclusive requiring the parties to bring their dispute to the designated forum.

6

## POINT III

## PLAINTIFF CANNOT CARRY ITS HEAVY BURDEN TO SUCCESSFULLY OPPOSE ENFORCEMENT OF THE FORUM SELECTION CLAUSE

Once the Court establishes that the forum selection clause is sufficiently broad and mandatory/exclusive in nature, the clause is considered presumptively valid. The burden is then with the party opposing enforcement of the clause to make a strong showing that:

1) The clause was a by-product of fraud or overreaching;

2) That fundamental unfairness of the selected forum may deprive a Plaintiff of a remedy or its day in Court;

3) That the clause contravenes a strong public policy of the forum state. See *e.g.*, *Challenger, supra,* 2000 A.M.C. at 2890.

None of these factors are present in our case. Regarding each area of inquiry, we submit:

1) Plaintiff's Complaint does not allege anything fraudulent and because the Plaintiff is suing on the bill of lading contract, it cannot argue overreach; see, *Mitsui & Co. v. MIRA M/V,* 111 F. 3d 33, 36 (5th Cir. 1997) (party that sues on bill of lading accepts its terms; *Kanematsu Corp. v. M/V GRETCHEN W,* 897 F. Supp. 1314, 1317 (D. Or. 1995) (same).

2) There is no reason to consider Poland as an unavailable or fundamentally unfair forum;

3) Bill of Lading choice of forum clauses contravene no strong U.S. public policy. To the contrary, their enforcement is favored. See, *Vigmar Seguros y Reaseguros, S.A. v. M/V SKY REEFER,* 515 U.S. 528 (1995). Moreover, the CPJS bill of lading contains a provision in Clause 22 which makes the United States Carriage of Goods by Sea Act (COGSA) the law of the contract on all shipments to, from or through the United States (See ¶10, CHMIELINSKI Declaration.)

7

## CONCLUSION

For the reasons set forth herein, the claims against the Defendants in this litigation should be dismissed pursuant to the forum selection clause in the bill of lading contract of carriage.

DATED: New York, New York
       October 18, 2007

                                      FREEHILL HOGAN & MAHAR, LLP
                                      Attorneys for Defendants CHINESE-
                                      POLISH JOINT STOCK SHIPPING
                                      COMPANY and STEMBLAR SHIPPING
                                      COMPANY LIMITED

                              BY: _____
                                      James L. Ross (JR 6411)
                                      80 Pine Street
                                      New York, New York 10005
                                      (212) 425-1900

TO:   Nicoletti Hornig & Sweeney
       Attention: James F. Sweeney, Esq.
       Ref: 92000047 JFS