297-06/ROSS

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Chinese-Polish Joint
Stock Shipping Company and
Stemblar Shipping Company Limited
80 Pine Street
New York, New York 10005
(212) 425-1900

James L. Ross, Esq. (JR 6411)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNIWIRE TRADING LLC,

Plaintiff

– against –

M/V WLADYSLAW ORKAN, her engines, boilers, etc., CHINESE-POLISH JOINT STOCK SHIPPING COMPANY and STEMBLAR SHIPPING COMPANY LIMITED,

Defendants.

---

ECF case

07 Civ. 3427 (NRB)

**DECLARATION OF RADOSLAW CHMIELINSKI PURSUANT TO 28 USC §1746**

I, RADOSLAW CHMIELINSKI, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am presently employed as the Shipping Director for the Defendant Chinese-Polish Joint Stock Shipping Company ("CPJS"). I have been employed with CPJS for about 19 years. I am familiar with the facts and circumstances of this matter.

2. As the Shipping Director, I am fully familiar with the bill of lading form of CPJS, as well as the relevant charter party in place for the vessel WLADYSLAW ORKAN at the time of the voyage in question.

3. At all relevant times, the M/V WLADYSLAW ORKAN was owned by Defendant STEMBLAR SHIPPING COMPANY LIMITED and time chartered to CPJS. Attached is a copy of the Charter Party (Exhibit A)

4. On or about April 28, 2006, CPJS contracted with the Plaintiff to carry two shipments of galvanized pipes on board the M/V WLADYSLAW ORKAN from Xingang and Tainjin, China to New Orleans, Louisiana.

5. The two shipments were carried on board the M/V WLADYSLAW ORKAN pursuant to the terms and conditions of Tianjin/New Orleans bill of lading CPJQOR15TXGNEW02 and Xingang/New Orleans bill of lading CPJQOR15TXGNEW03.

6. A true and authentic copy of the front side of both of these CPJS bills of lading is attached hereto as Exhibit B.

7. A true and authentic copy of the terms and conditions of the reverse side of the CPJS bills of lading referred to above is attached hereto as Exhibit C.

8. Exhibits B and C are the contractual terms and conditions applicable to the two shipments of steel referred to in the Complaint.

9. Both bill of lading contracts contain the following "Law and Jurisdiction Clause" on their face:

> **LAW AND JURISDICTION**
>
> Any claim or action against the Carrier arising from or in connection with this bill of lading whether in breach of contract or in tort or otherwise shall be exclusively governed by Polish law and brought before the District Court in Gdansk.

10. Both bill of lading contracts provide, as follows:

**6. Sub-Contracting**

1) The Carrier shall be entitled to sub-contract on any terms for the whole or any part of the carriage, loading, unloading, storing, warehousing, handling and any and all duties whatsoever undertaken by the Carrier in relation to the Goods.

2) The Merchant undertakes that no claim or allegation shall be made against any servant, agent or sub-contractor of the Carrier which imposes or attempts to impose upon any of them or any vessel owned by any of them any liability whatsoever in connection with the Goods, and, if any such claim or allegation should nevertheless be made to indemnify the Carrier against all consequences thereof. Without prejudice to the foregoing, every such servant, agent and sub-contractor shall have the benefit of all provisions herein benefiting the Carrier to the extent of those provisions.

**22. USA Clauses**

1) If this Bill of Lading covers Goods shipped to and from the United States provisions of the Carriage of Goods by Sea Act of the USA, approved 1936 shall be deemed to be incorporated herein.
The defences and limitations of the said Act apply to Goods whether carried on or under deck.

DATED: October 15, 2007

R. Chmielinski

RADOSLAW CHMIELINSKI