UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNIWIRE TRADING LLC,

       Plaintiff,      Case No.: 07 CV 3427 (NRB)

  - against -         Oral Argument Requested

M/V WLADYSLAW ORKAN, her engines,
boilers, etc., CHINESE-POLISH JOINT
STOCK SHIPPING COMPANY and
STEMBLAR SHIPPING COMPANY,

       Defendants.
------------------------------------------------------X


## MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS


            NICOLETTI HORNIG & SWEENEY
            Wall Street Plaza
            88 Pine Street – 7th Floor
            New York, New York 10005-1801
            Tel: (212) 220-3830
            Fax: (212) 220-3780
            (Our File: 92000047 JFS)

            *Attorneys for Plaintiff*
            *UNIWIRE TRADING LLC.*


Of Counsel:
   James F. Sweeney, Esq.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

POINT I

    THE FORUM SECTION CLAUSE IS
    INAPPLICABLE TO THE VESSEL *IN REM* ...................................................................... 1

POINT II

    DEFENDANTS HAVE AGREED THAT THIS COURT
    IS THE PROPER FORUM FOR THE *IN REM* ACTION ...................................................... 2

POINT III

    THE *IN REM* ACTION AGAINST DEFENDANT
    M.V. WLADYSLAW ORKAN SHOULD NOT BE DISMISSED ........................................ 5

CONCLUSION ............................................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

*3 P.P.D. International Corp. v. M/V Cast Muskox,*
  1995 WL 728463 (S.D.N.Y. 1995) .................................................................................. 5-6

*Allianz Insurance Co. of Canada v. Cho Yang Shipping Co.,*
  131 F.Supp. 2d 787 (E.D. Va. 2000) ............................................................................... 6, 7

*Aramony v. United Way of America,*
  254 F.3d 403 (2d Cir. 2001) ............................................................................................. 3-4

*BS Sun Shipping Monrovia v. Citgo Petroleum Corp.,*
  2007 WL 2572093 (S.D.N.Y. Sept. 7. 2007) ..................................................................... 2

*Fireman's Fund Insurance Company v. Cho Yang Shipping Company, Ltd.,*
  131 F.3d 1336 (9th Cir. 1997) ............................................................................................ 7

*Great Northern Ins. Co. v. Constab Polymer-Chemie GmbH & Co.,*
  2007 WL 2891981 (N.D.N.Y., Sept. 28, 2007) .................................................................. 4

*Hartford Fire Ins. Co. v. Novocargo USA Inc.,*
  156 F. Supp. 2d 372 (S.D.N.Y., 2001) ............................................................................... 4

*International Marine Underwriters v. M/V KASIF KALKAVAN,*
  989 F.Supp. 498 (S.D.N.Y. 1997) .................................................................................. 6, 7

*Mitsui & Co. v. Mira M/V,*
  111 F.3d 33 (5th Cir. 1997) ................................................................................................ 5

*Salim Oleochemicals v. M/V SHROPSHIRE,*
  169 F.Supp.2d 194 (S.D.N.Y. 2001), aff'd. 40 Fed. Appx. 626 (2d Cir. 2002) .................. 2

*Tokio Marine & Fire Insurance Co. v. M/V TURQUOISE,*
  2001 WL 939826 (D.S.C. 2001) ......................................................................................... 7

*Vimar Seguros y Reaseguros, S.A . M/V Sky Reefer,*
  515 U.S. 528, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995) ................................................. 5, 7

*Yeda Research & Development Co. v. Imclone Systems Inc.,*
  2005 WL 2923545 (S.D.N.Y., November 3, 2005) ........................................................... 3

**Rules and Statutes**

46 U.S.C. § 1300 .................................................................................................................. 5

46 U.S.C. § 1303 ............................................................................................................... 5, 7

Restatement (Second) of Contracts § 203 (c) (1981) ........................................................... 4

## PRELIMINARY STATEMENT

The defendants herein, Chinese-Polish Joint Stock Shipping Company (charterer "CPJS") and Stemblar Shipping Company Limited[1] (shipowner "Stemblar"), have now moved to dismiss this action under the Law and Jurisdiction Clause found in the CPJS bills of lading (Defts. Mem. at 4). For the reasons set forth below, the motion must be denied.

## POINT I

### THE FORUM SECTION CLAUSE IS INAPPLICABLE TO THE VESSEL *IN REM*

Defendants have invoked the bills of lading's Law and Jurisdiction Clause as their sole foundation for this motion. That clause provides:

> LAW AND JURISDICTION CLAUSE
>
> Any claim or action *against the Carrier* arising from or in connection with this bill of lading whether in breach of contract or in tort or otherwise shall be exclusively governed by Polish law and brought before the District Court in Gdansk. (See Bill of Lading attached hereto as Exhibit 1) (Emphasis added).

The bills of lading, define "Carrier" as follows:

> "Carrier" shall mean the party on whose behalf this Bill of Lading has been signed.

(Ex. 1, Clause 1).

The bills of lading are on the CPJS form and are signed by Shanghai Gdynia International Transportation Agency Co. Ltd. "As Agent For The Carrier Chinese-Polish Joint Stock Shipping Company." (Ex. 1).

---

[1] Defendant Stemblar has apparently moved both in its capacity as *in personam* defendant and also on behalf of the *in rem* defendant – vessel, M.V. WLADYSLAW ORKAN (See Defts. Mem. at p. 4). Stemblar has appeared in this action in both capacities. (See Answer to Verified Complaint and Verified Claim of Owner, attached hereto as Exs. 2A and 2B).

Thus, it is beyond dispute that the Law and Jurisdiction Clause is expressly limited only to claims or actions against defendant CPJS. It does not apply to defendant Stemblar or to the defendant vessel *in rem*, neither of whom are "the Carrier" as that term is specifically defined in the CPJS bills of lading.

While plaintiff concedes that the action as against CPJS is subject to the operation of this clause, the action against the M.V. WLADYSLAW ORKAN *in rem*, clearly is not bound by this forum selection clause and cannot be dismissed. The Clause simply does not extend to the ship since, by definition, it is not the "Carrier." The Clause is "narrow" rather than "broad" and restricted only to claims or actions with CPJS,[2] and does not encompass claims or actions against those not defined to be the "Carrier."

Simply put, the vessel *in rem* cannot invoke this clause, as it is explicitly inapplicable to anyone but CPJS.

### POINT II

### DEFENDANTS HAVE AGREED THAT THIS COURT IS THE PROPER FORUM FOR THE *IN REM* ACTION

Defendants also rely upon the June 22, 2006 Letter of Undertaking ("LOU."), issued by their surety in consideration of the plaintiff's not arresting the vessel *in rem*. (Defts. Mem. at 3-4). That LOU expressly provides that the Protection and Indemnity Association[3] agrees:

> To file or cause to be filed a claim of owner of the M/V WLADYSLAW ORKAN in the event suit is commenced in the United States District Court for the Southern District of New York, **and agreement that the United States District Court for the Southern District of New York is the proper venue for said action.** (Emphasis added).

---

[2] For the distinction between "Broad" and "narrow" clauses and their limiting effect in the arbitration context, see *BS Sun Shipping Monrovia v. Citgo Petroleum Corp.*, 2007 WL 2572093 at *9 (S.D.N.Y. Sept. 7, 2007) and *Salim Oleochemicals v. M/V SHROPSHIRE*, 169 F.Supp.2d 194, 198-9 (S.D.N.Y. 2001)(Buchwald, J.), aff'd. 40 Fed. Appx. 626 (2d Cir. 2002)("narrow" clauses apply only to the particular parties identified in the clause).
[3] *i.e.* the defendants' liability insurer and surety for this *in rem* claim.

2

By virtue of this LOU, defendants and the surety have stipulated that this Court is <u>the</u> proper venue for this *in rem* action. That is totally at odds with the instant motion in which defendants now claim that this forum is improper.

Having relied upon the LOU in making this motion, and having expressly agreed in the LOU that this Court is *the* proper venue for the *in rem* action, defendants should be estopped from now arguing otherwise.[4] Plaintiff bargained for and accepted the LOU with its stipulation that this Court is the proper forum, in exchange for plaintiff's waiver of its legal right to arrest the vessel *in rem*.

Defendants now breach their own clear and unambiguous venue agreement and argue that the LOU's broad and general final paragraph somehow overrides the unambiguous specific and venue agreement. That final paragraph reads as follows:

> This letter is written entirely without prejudice as to any rights or defenses which the said vessel or Owners may have under the covering Bill(s) of Lading and/or Charter Parties and/or statutes in effect, none of which is to be regarded as waived.

But defendants' argument, based on this clause, must be rejected for a number of reasons.

First, the defendants' LOU agreement to this proper venue is specific and directly addressed to the venue of this Court in this very action. In stark contrast, the LOU's final paragraph (cited *supra*), is broad, general and inexact and does not even mention venue. To the extent that the two provisions conflict, it is axiomatic contractual construction law that a specific provision trumps more generalized contractual language. *Aramony v. United Way of America*, 254 F.3d 403, 413 (2d Cir. 2001)("...it is a fundamental rule of contract construction that

---

[4] Equitable estoppel applies, where, as here, "(1) the actor, who usually must have knowledge of the true facts, communicates something in a misleading way, either by words, conduct or silence, (2) the other relies upon that communication, and (3) the other would be harmed materially if the actor is later permitted to asset any claim inconsistent with his earlier conduct." *Yeda Research & Development Co. v. Imclone Systems Inc.*, 2005 WL 2923545 at *7 (S.D.N.Y., November 3, 2005)(Buchwald, J.).

3

'specific terms and exact terms are given greater weight that general language'"). *See also* Restatement (Second) of Contracts § 203 (c) (1981).

Second, the explicit language of defendants' venue agreement uses the definitive article "the" rather than the expansive indefinite article "a" (i.e., the United States District Court for the Southern District of New York …is *the* proper venue…."). (*See* LOU at p. 1.). The distinction is important. Specifying subsequent to issuance of the bill of lading that this court is <u>the</u> proper forum clearly indicates that the Southern District of New York is the only proper forum, to the exclusion of all others. At the very least, the clause nullifies any claim that the Polish court (as set forth in the "Law and Jurisdiction Clause") is somehow an exclusive forum. Since it is not an exclusive forum, defendants' motion must fail. *See Hartford Fire Ins. Co. v. Novocargo USA Inc.*, 156 F. Supp. 2d 372 (S.D.N.Y., 2001)(forum selection clause unenforceable without exclusivity); *Great Northern Ins. Co. v. Constab Polymer-Chemie GmbH & Co.*, 2007 WL 2891981 at *8 (N.D.N.Y., Sept. 28, 2007)(same).

Third, defendants' arguments that the *in rem* claim is subject to the CPJS bill of lading's Law and Jurisdiction Clause are so attenuated that they are unavailing, especially in the face of this subsequent and particularized venue agreement. To accept defendants' *in rem* argument, this Court must ignore the LOU's specifically bargained-for venue agreement (which is and was the product of negotiation in respect of the instant *in rem* action) and proceed to believe that the Law and Jurisdiction Clause somehow covers *in rem* claims without saying so and/or that the vessel is a "Carrier" and/or that the "Sub-Contracting" Clause can somehow be interpreted to extend to claims against the vessel *in rem*. In short, the argument is so tortured and strained to the point where it is no longer sustainable.

Fourth, and should this Court see fit to grant defendants' motion to dismiss this action in favor of the Polish court, then plaintiff respectfully requests leave to file an Amended Verified

4

Complaint to add defendants' surety, the West of England Ship Owners Mutual Protection and Indemnity Assn., as a party defendant in this action.

## POINT III

### THE *IN REM* ACTION AGAINST DEFENDANT M.V. WLADYSLAW ORKAN SHOULD NOT BE DISMISSED

Defendants concede that the United States Carriage of Goods By Sea Act ("COGSA") 46 U.S.C. § 1300 *et seq*. applies. (Defts. Mem. p. 2). But the Law and Jurisdiction Clause relied on by defendants, violates COGSA and therefore cannot serve as the basis for dismissal.

COGSA specifically provides at 46 U.S.C. § 1303 (8):

> Any clause, covenant, or agreement in a contract of carriage relieving the carrier or the ship from liability from loss or damage to or in connection with the goods, arising from negligence, fault, or failure in the duties or obligations provided in this section, or lessening such liability otherwise than as provided in this chapter, shall be null and void and of no effect.

The Supreme Court interpreted this very provision in *Vimar Seguros y Reaseguros, S.A . M/V Sky Reefer*, 515 U.S. 528, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995) ("*Sky Reefer*"), and held that procedural impediments that make a plaintiff's recovery in a foreign forum more difficult to achieve do not constitute the "lessening [of] liability" sufficient under § 1303(8) to invalidate a choice of law or choice of forum clause. *See Id.* at 534, 115 S.Ct. at 2326; *see also, e.g., Mitsui & Co. v. Mira M/V*, 111 F.3d 33, 36 (5th Cir. 1997); *3 P.P.D. International Corp. v. M/V Cast Muskox*, 1995 WL 728463 (S.D.N.Y. 1995). The Court added, however, that "were we persuaded that 'the choice-of-forum and choice-of-law clauses [in a bill of lading] operated in tandem as a prospective waiver of a party's right to pursue statutory remedies,...we would have little hesitation in condemning the agreement as against public policy.'" *Id.* at 540, 115 S.Ct.

5

2329 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 637 n. 19, 105 S.Ct. 3346, 3359 n. 19, 87 L.Ed.2d 444 (1985)).

Here, the law of Poland will not recognize the plaintiff's *in rem* COGSA rights against the defendant-vessel, rights which are guaranteed to a cargo plaintiff under U.S. maritime law. (See accompanying Declaration of Krzysztof Piotr Kochanowski, attached hereto as Exhibit 3).[5] As such, dismissal under this Law and Jurisdiction Clause will deprive plaintiff of its substantive statutory rights and is therefore against public policy. This was duly recognized by Judge Rakoff in *International Marine Underwriters v. M/V KASIF KALKAVAN*, 989 F.Supp. 498, 499 (S.D.N.Y. 1997):

> ....Plaintiff's inability under Korean law to bring an *in rem* action against the vessel, would appear to deprive plaintiff of one of the substantive rights expressly guaranteed by § 3(8). That section forbids "[a]ny clause...in a contract of carriage relieving the carrier or the *ship* from liability...or lessening such liability," 46 U.S.C. app. § 1303 (emphasis added), a clear reference to an *in rem* proceeding. That language would be rendered meaningless if an *in rem* action were viewed simply as a procedural device not protected under § 3(8) as interpreted by *Sky Reefer*. Nor is the Court persuaded by Ninth Circuit's recent decision in *Fireman's Fund Insurance Company v. Cho Yang Shipping Company, Ltd.*, 131 F.3d 1336 (9th Cir. 1997), which reach the opposite conclusion, for the court there appears wholly to have ignored the above-quoted statutory language that refers to the ship's own liability. See *id.* at 1339.

The District Court in *Allianz Insurance Co. of Canada v. Cho Yang Shipping Co.*, 131 F.Supp. 2d 787, 794 (E.D. Va. 2000) also disagreed with the Ninth Circuit's view that the unavailability of an *in rem* proceeding does "not constitute a lessening of the liability imposed by COGSA." Faced with a Korean forum selection clause, an *in personam* defendant and an *in rem*

---

[5] As stated in Attorney Kochanowski's Declaration, the law in Poland will also rob plaintiff of its LOU security, because there is no possibility of an *in rem* judgment in Poland.

6

defendant, the district court refused to enforce the clause as to the *in rem* defendant since such an action was unavailable under Korean law.

Notably, the District Court in *Allianz* critiqued the Ninth Circuit, observing that it "seems to have ignored" COGSA, which prohibits any clause in a contract of carriage from relieving the carrier from liability or lessening such liability. Quoting from *M/V KASIF KALKAVAN*, the court stated that COGSA § 1303(8) "would be rendered meaningless if an *in rem* action were viewed simply as a procedural device not protected under § 1303(8) as interpreted by *SKY REFFER*." The court explained that "[a]n *in rem* action is not just a means of enforcing COGSA liability as espoused in *Fireman's Fund*, it is substantive right guaranteed by federal law," at 794.

In yet another case, *Tokio Marine & Fire Insurance Co. v. M/V TURQUOISE*, 2001 WL 939826 (D.S.C. 2001), the cargo plaintiff brought an *in rem* COGSA claim against the defendant-vessel and accepted a Letter of Undertaking ("LOU") in lieu of actually arresting the ship. The defendant-vessel *in rem* moved to dismiss the action, citing the bill of lading's Korean "Law and Jurisdiction" Clause. The Court denied the motion to dismiss the *in rem* action, concluding that: "Enforcement of the forum-selection clause in the …bills of lading will violate COGSA, because enforcement will effectively relieve the ship from liability. Accordingly, the *M/V TURQUOISE*'s motion to dismiss is denied." *Id.* at *3.

The same reasoning obtains here: Polish law will not recognize the plaintiff's *in rem* rights or remedies. As such, and because Polish law deprives the plaintiff of its statutory COGSA rights/remedies, the instant motion must be denied.

## CONCLUSION

The defendants' motion to dismiss the *in rem* action in favor of the courts of Poland must be denied because:

1. Defendants have agreed that this Court is the proper venue for this action;

2. The *in rem* action is not governed by the forum selection clause;

3. Defendants' agreement to the propriety of *in rem* venue in this Court renders the forum selection clause non-exclusive and therefore unenforceable;

4. The subsequent specific agreement to venue the *in rem* action in this Court supersedes the prior indefinite forum selection clause;

5. The absence of any *in rem* rights or remedies in the Polish court prejudices plaintiff and therefore precludes any such dismissal under the law.

Finally, and should the Court nonetheless grant defendants' motion to dismiss, plaintiff respectfully prays for leave to add the surety as a party defendant in this action for breach of its LOU contract.

Dated:  New York, New York
        November 9, 2007

                              NICOLETTI HORNIG & SWEENEY
                              Attorneys for Plaintiff.

                        By:   _____
                              James F. Sweeney (JFS-7745)
                              Wall Street Plaza
                              88 Pine Street
                              New York, New York 10005-1801
                              (212) 220-3830
                              (FILE NO.: 92000047 JFS)

8

TO:

FREEHILL HOGAN & MAHAR
80 Pine Street
New York, New York 10005

<u>Attention</u>: James L. Ross, Esq.

X:\Public Word Files\92\47\LEGAL\MOL. Opposition to Motion to Dismiss Complaint. Sa.doc