297-06/ROSS

FREEHILL HOGAN & MAHAR, LLP
Attorneys for CHINESE-POLISH JOINT
STOCK SHIPPING COMPANY and
STEMBLAR SHIPPING COMPANY LIMITED
80 Pine Street
New York, New York 10005
(212) 425-1900
James L. Ross (JR 6411)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNIWIRE TRADING LLC.,                             ECF Case

                   Plaintiff,

                                         07 CV 3427 (NRB)

  -  against –

M/V WLADYSLAW ORKAN, her engines,
boilers, etc., CHINESE-POLISH JOINT STOCK
SHIPPING COMPANY and STEMBLAR
SHIPPING COMPANY LIMITED,

                   Defendants
-----------------------------------------------------------x

## REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendants CHINESE-
POLISH JOINT STOCK SHIPPING
COMPANY and STEMBLAR SHIPPING
COMPANY LIMITED
80 Pine Street
New York, New York 10005
(212) 425-1900

James L. Ross
Manual A. Molina
  Of Counsel

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………..……………………………………..ii

PRELIMINARY STATEMENT AND RELEVANT BACKGROUND FACTS…….. 1

ARGUMENT

### POINT I

MERE UNAVAILABILITY OF IN REM PROCEEDINGS IN POLAND IS INSUFFICIENT TO DEPRIVE THE GDANSK COURT OF ITS JURISDICTION OVER THE PARTIES' DISPUTE ………..……………….. 2

    A.    Nature of *in rem* proceedings ………..…………………………... 2

    B.    Lack of *in rem* jurisdiction in Poland does not lessen Defendants' COGSA liability………..……………………………………………… 3

### POINT II

THE SHIPOWNER AND THE VESSEL ARE BOUND BY THE CONTRACTS OF CARRIAGE AS EVIDENCED BY THE BILLS OF LADING………………………………….…………………………… 6

### POINT III

IN PROVIDING THE LOU AS SECURITY FOR PLAINTIFF'S CLAIM, VESSEL INTERESTS HAVE NOT WAIVED THEIR RIGHT TO HAVE THE DISPUTE ADJUDICATED BY THE GDANSK COURT ……..……………………………………….. 8

CONCLUSION ……..…………..…………………………………………….. 10

# TABLE OF AUTHORITIES

**CASES**                                                             **PAGES**

*Asoma Corp. v. SK Shipping Co., Ltd.*,
467 F.3d 817 (2d Cir. 2006)..................................................................................... 2

*Bison Pulp & Paper Ltd. v. M/V PERGAMOS*,
No. 89-1392, 1995 U.S. Dist. LEXIS 22057 (S.D.N.Y. Nov. 29, 1995).............. 8, 9, 10

*Cargill B.V. v. S/S OCEAN TRAVELLER*,
726 F. Supp. 56 (S.D.N.Y. 1989) ............................................................................. 8

*Continental Grain Co. v. Barge FBL-585*,
364 U.S. 19 (1960)..................................................................................................... 3

*Duferco Steel, Inc. v. M/V FESTIVITY*,
No. 97-7898, 1998 U.S. Dist. LEXIS 12462 (S.D.N.Y. Aug. 13, 1998).................... 7

*F.D. Import & Export Corp. v. M/V REEFER SUN*,
248 F. Supp.2d 240 (S.D.N.Y. 2002)......................................................................... 7

*Fireman's Fund Ins. Co. v. M/V DSR ATLANTIC*,
131 F.3d 1336 (9th Cir. 1998) ............................................................................ 2, 4, 5

*In re Daewood Int'l (America) Corp., v.* No. 01-8205,
2001 U.S. Dist. LEXIS 19796 (S.D.N.Y. Dec. 3, 2001) ......................................... 6, 7

*In re Tecomar, S.A.*, 765 F. Supp 1150 (S.D.N.Y. 1991) ............................................... 8

*Int'l Marine Underwirters v. M/V KASIF KALKAVEN*,
989 F. Supp. (S.D.N.Y 1998)..................................................................................... 5

*Itel Container Corp. v. M/V TITAN*,
139 F. 3d 1450 (11th Cir. 1998) ................................................................................ 5

*Joo Seng Hong Kong Co., Ltd. v. S.S. UNIBULKFIR*,
483 F. Supp. 43 (S.D.N.Y. 1979) ........................................................................... 6, 7

*Kanematsu Corp. v. M/V GRETCHEN W*,
897 F. Supp. 1314 (D. Or. 1995)................................................................................ 7

*McCarthy v. American Int'l Group*,
283 F.3d 121 (2d Cir. 2002)....................................................................................... 8

*METALLIA U.S.A., L.L.C. v. M/V KAPITONAS STULPINAS*,
No. 98-3497, 1998 U.S. Dist. LEXIS 21818 (S.D.N.Y. Dec. 16, 1998) .......................................... 7

*Mitsui & Co. v. M/V MIRA*,
111 F.3d 33 (5th Cir. 1997) ............................................................................................................. 7

*National Material Trading v. M/V KAPTAIN CEBI*,
Nos. 95-3673, 96-0095 and 96-3288, 1997 U.S. Dist. LEXIS 24027
(D.S.C. March 13, 1997) ................................................................................................................. 9

*Oman Refinery Co. LLC v. M/T BERTINA*,
1993 A.M.C. 147 (C.D.Cal. 1992) .................................................................................................. 9

*Perez & Cía (Cataluña) S.A. v. M/V MEXICO I*,
826 F.2d 1449 (5th Cir. 1987) ......................................................................................................... 9

*QUEEN OF THE PACIFIC*, 180 U.S. 49 (1901) ......................................................................... 8

*Reed & Barton Corp., v. M/V TOKIO EXPRESS*,
No. 98-1079, 1999 U.S. Dist. LEXIS 1807 (S.D.N.Y. Feb. 22, 1999) ................................... 2, 3, 4, 5

*RMS Int'l Shipping Gmbh v. Stemcor USA, Inc.*,
No. 90-4918, 1991 U.S. Dist. LEXIS 9852 (S.D.N.Y. July 18, 1991) ............................................ 7

*Stemcor USA, Inc. v. M/V ARCHIMIDES*,
No. 02-7864, 2004 U.S. Dist. LEXIS 25236 (S.D.N.Y. May 4, 2004) ....................................... 5, 7

*THE KALFARLI*, 277 F. 391 (2d Cir. 1921) ................................................................................. 3

*Thyssen, Inc. v. M/V MARKOS*,
No. 97-6181, 2001 U.S. Dist. LEXIS 11560 (S.D.N.Y. Aug. 10, 2001) .................................. 2, 4, 5

*Trafigura Behher B.V. v. M/T PROBO ELK*,
No. 06-20576, 2007 U.S. App. LEXIS 16909 (5th Cir. 2007) ........................................................ 9

*Vimar Seguros y Reaseguros, S.A. v. M/V SKY REEFER*,
515 U.S. 528 (1995) ..................................................................................................................... 2, 3

Defendants, CHINESE-POLISH JOINT STOCK SHIPPING COMPANY and STEMBLAR SHIPPING COMPANY LIMITED (collectively "Vessel Interests" or "Defendants") submit this Memorandum of Law in further support of their Motion to Dismiss the Verified Complaint of Plaintiff UNIWIRE TRADING LLC (hereinafter "Uniwire") on the basis of a broad, exclusive and mandatory forum selection clause contained in the bill of lading contracts of carriage requiring any litigation to be brought before the District Court of Gdansk, Poland.

## PRELIMINARY STATEMENT

Vessels Interests concede that Polish law does not recognize *in rem* jurisdiction. Accordingly, the dispositive issue for the Court's adjudication is relatively simple and straightforward: <u>whether the mere unavailability of *in rem* proceedings in Poland lessens the specific liabilities imposed by the Carriage of Goods by Sea Act ("COGSA") upon the Defendants</u>. As established by controlling U.S. Supreme Court precedent and other case law discussed herein, that question must be answered in the negative.

The pertinent jurisprudence discussed herein establishes that forum selection clauses will be enforced by the Court unless a plaintiff proves that the chosen forum will lessen COGSA imposed duties and obligations. Unavailability of an *in rem* cause of action in a foreign forum does not lessen the specific liability imposed by COGSA. It is insufficient to satisfy the plaintiff's burden because the loss of an *in rem* claim amounts to nothing more than a loss of a means to enforce liability. Uniwire's opposition papers ignore the applicable precedents and confuse *in rem* and *in personam* concepts in an effort to deflect the Court's attention from the aforementioned narrow dispositive issue.

## POINT I

### MERE UNAVAILABILITY OF IN REM PROCEEDINGS IN POLAND IS INSUFFICIENT TO DEPRIVE THE GDANSK COURT OF ITS JURISDICTION OVER THE PARTIES' DISPUTE

At the outset, it is important to point out that the Uniwire opposition papers do not dispute the fact that the language and scope of the forum selection clause contained in the applicable ocean bills of lading is broad, exclusive and mandatory. Accordingly, there is a presumption of validity for the forum selection clause, unless Uniwire meets its burden to demonstrate that enforcement of the forum selection clause would deprive Uniwire of its COGSA statutory rights. *Vimar Seguros y Reaseguros, S.A. v. M/V SKY REEFER*, 515 U.S. 528, 540 (1995); *Asoma Corp. v. SK Shipping Co., Ltd.*, 467 F.3d 817 (2d Cir. 2006); *Reed & Barton Corp., v. M/V TOKIO EXPRESS*, No. 98-1079, 1999 U.S. Dist. LEXIS 1807, *9 (S.D.N.Y. Feb. 22, 1999) ; *Thyssen, Inc. v. M/V MARKOS*, No. 97-6181, 2001 U.S. Dist. LEXIS 11560, *9-10 (S.D.N.Y. Aug. 10, 2001); *Fireman's Fund Ins. Co. v. M/V DSR ATLANTIC*, 131 F.3d 1336 (9th Cir. 1998).

### A. *Nature of in rem proceedings*

It is a long standing admiralty fiction that the vessel is assumed to be a "person." As explained by Judge Michael Mukasey, *in rem* claims against vessels are based on the legal personification of the vessel. *M/V MARKOS,* 2001 U.S. Dist. LEXIS 11560, *12. Because an *in rem* action against the vessel is nothing more than an *in personam* claim against the shipowner with a different label, the *in rem* action is merely a procedural alternative to an action against the owner which "simplif[ies] the task of suit and collection against the shipowners." *Id.* As the U.S. Supreme Court has remarked: "To say that an owner is not liable, but that his vessel is, seems to us like talking riddles ... In the matter of liability, a man and his property cannot be separated." *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 24 (1960) (citation omitted). Accordingly, Uniwire's *in rem* claim is but a means of enforcing liability against Vessel Interests, *i.e.* it is a remedy plaintiff

NYDOCS1/294261.1                                  2

has acquired by the mere fortuity that the vessel was found within the District and which has nothing to do with the forum and law contractually agreed upon by the parties. *THE KALFARLI*, 277 F. 391, 394 (2d Cir. 1921) ("right to proceed against the vessel *in rem* being distinctly an admiralty remedy"); *M/V TOKIO EXPRESS*, 1999 U.S. Dist. LEXIS 1807, *6 ("Confusing a right *in rem* to seize with a proper court under the contract is confusing a remedy for a forum") (citation omitted).

### B. Lack of in rem jurisdiction in Poland does not lessen Defendants' COGSA liability

Uniwire's argument boils down to the proposition that because Polish law does not recognize *in rem* claims, it lessens Vessel Interests' COGSA liability, thereby rendering the forum selection clause unenforceable. This argument is without merit and conflicts with the U.S. Supreme Court's precedent in *SKY REEFER* and other federal court decisions on this issue, (which Uniwire's opposition papers fail to cite to the Court).

In *SKY REEFER*, the Supreme Court held that, in determining whether a particular forum lessens COGSA's liability, the liability that may not be diminished is:

> "liability for loss or damage . . . arising from negligence, fault, or failure in the duties and obligations." The statute thus addresses the lessening of the specific liabilities imposed by [COGSA], without addressing the separate question of the means and costs of enforcing that liability. ***The difference is that between explicit statutory guarantees and the procedure for enforcing them . . . . Nothing in [COGSA's section 8], however, suggests that the statute prevents the parties from agreeing to enforce these obligations in a particular forum. By its terms, it establishes certain duties and obligations, separate and apart from the mechanism for their enforcement***.

515 U.S. at 534-35 (citations omitted; emphasis supplied).

Thus, to the extent that the challenged forum merely deprives a plaintiff of a "means to enforce" liability (rather than lessens the Vessel Interests' COGSA statutory duties and obligations), no public policy of the United States is violated and the forum selection clause is enforceable. *In rem* proceedings by nature are simply a means to enforce COGSA's liability – hence, the mere unavailability of *in rem* proceedings in Poland does not constitute a lessening of Defendants'

COGSA statutory duties and obligations. *M/V MARKOS*, 2001 U.S. Dist. LEXIS 11560, *9-10; *M/V TOKIO EXPRESS*, 1999 U.S. Dist. LEXIS 1807, *9; M/V DSR ATLANTIC, 131 F.3d at 1339.

In the *M/V MARKOS* case, Judge Mukasey faced the same issue being presented to the Court by Uniwire. There, plaintiff argued that the parties' contractually agreed forum, London arbitration, diminished the defendant's liability because under English law the arbitrators lacked *in rem* jurisdiction. In rejecting that argument Judge Mukasey ruled:

> [T]he mere unavailability of *in rem* proceedings does not constitute a "lessening of the specific liability imposed by [COGSA]" rather it presents a "question of the means . . . of enforcing that liability." Here, [plaintiff] fails to demonstrate that the loss of its *in rem* claim deprives it of anything more than an additional means of enforcing liability. ***[Plaintiff's] in rem suit against the vessel's owner is based on the same facts and is at its core the same claim as the in personam suit against the [defendant], the vessel owner, but merely attaches a different label***. (Emphasis Added).

2001 U.S. Dist. LEXIS, *9-10 (citations omitted). Indeed, in M/V MARKOS, Judge Mukasey also noted that plaintiff had arrested the owner's vessel and received a letter of security to secure its claims.

Similarly, in *M/V TOKIO EXPRESS, supra,* plaintiff argued that since German law did not recognize *in rem* actions it would be deprived of its COGSA remedies. Judge Preska rejected the argument that the lack of *in rem* jurisdiction in Germany prejudiced the plaintiff's COGSA's rights:

> [U]navailability of *in rem* proceedings in the chosen forum did not render the forum selection clause unenforceable. The mere unavailability of *in rem* proceedings does not constitute a "lessening of the specific liability imposed by [COGSA]. . . . In light of present-day commercial realities and expanding international trade . . . ***the forum selection clause should control absent a strong showing it should be set aside***." (Emphasis Added).

1999 U.S. Dist. LEXIS 1807, *10-11 (citations omitted).

Significantly, the U.S. Court of Appeals for the Ninth Circuit, the only Circuit Court of Appeals to squarely decide the issue, followed the holding and reasoning of *SKY REEFER* and

reversed the lower court's decision. It specifically rejected the argument that the unavailability of *in rem* jurisdiction in Korea rendered the forum selection clause unenforceable:

> In applying COGSA, the question is not whether the foreign forum will apply COGSA itself, but "whether the substantive law to be applied will reduce the carrier's obligations to the cargo owner below what COGSA guarantees." . . . Thus, the mere unavailability of *in rem* proceeding does not constitute a "lessening of the *specific liability* imposed by [COGSA].'"

131 F.3d at 1339 (italics in the original; citations omitted).[1]

In our case, the issue is precisely the same as that of the *M/V MARKOS*, the *M/V TOKIO EXPRESS* and the *M/V DSR ATLANTIC* decisions. Uniwire simply posits that the unavailability of *in rem* jurisdiction in Poland will deprive it of its COGSA statutory rights. This assertion is insufficient to prove that the Defendants' COGSA's liability has been diminished below the "COGSA guarantees." Plaintiff's Polish expert Krzyztof Piotr Kochanowski concedes that the Hague-Visby Rules are applicable in Poland and merely states that Polish law does not recognize *in rem* claims. Plaintiff has not submitted any evidence to show that the District Court in Gdansk would not enforce and apply the duties and obligations imposed by COGSA. Indeed, it is well settled that the Hague-Visby Rules are the "fraternal equivalent of COGSA" such that the carrier's COGSA's Section 3(8)'s duties and obligations to cargo owners are the same. *M/V TOKIO EXPRESS*, 1999 U.S. Dist. LEXIS 1807, *10; *Stemcor USA, Inc. v. M/V ARCHIMIDES*, No. 02-7864, 2004 U.S. Dist. LEXIS 25236, *9-11 (S.D.N.Y. May 4, 2004); *In re Tecomar, S.A.*, 765 F. Supp. 1150, 1173 (S.D.N.Y. 1991); *Itel Container Corp. v. M/V TITAN*, 139 F.3d 1450, 1454-55 (11th Cir. 1998).

---

[1] Uniwire primarily relies upon a District Court decision *Int'l Marine Underwriters v. M/V KASIF KALKAVEN*, 989 F. Supp. 498 (S.D.N.Y. 1998). However, Judge Mukasey refused to follow that decision as being contrary to the U.S. Supreme Court's ruling in *SKY REEFER* and followed the Ninth Circuit's reasoning in *M/V DSR ATLANTIC*. 2001 U.S. Dist. LEXIS 11560, *9. *See also*, M/V TOKIO EXPRESS, 1999 U.S. Dist. LEXIS 1807 (declining to follow *M/V KASIF KALKAVEN*). Defendants respectfully submit that THE *M/V MARKOS, M/V TOKIO EXPRESS* and *M/V DSR ATLANTIC* rulings are consistent with the Supreme Court's holding in *SKY REEFER*.

Vessel Interests' expert SLAWOMIR NOWICKI points out that Article III, §8 of the Hague-Visby Rules is identical to COGSA's Section 3(8). See attached Declaration of Slawomir Nowicki, dated November 21, 2007 (Exhibit F, Nowicki Decl., ¶3). Vessel Interests legal expert further opines that while Polish Courts will not recognize *in rem* claims, they will nevertheless apply U.S. substantive law, as reflected in COGSA, pursuant to the terms and conditions of Clause 22 of the bills of lading. (Exhibit F, Nowicki Decl., ¶6). Uniwire's conspicuous silence on this dispositive issue is deafening and sounds the death knell of the position it advances to the Court.

The LOU was offered ***as security*** for any judgment obtained by Uniwire in this Court "***or other competent Court***." (See LOU, Exhibit D attached to Defendants' Motion Papers). Thus, to the extent that Uniwire proves its claim of liability against Defendants in Gdansk, the LOU will satisfy that judgment.

## POINT II

### THE SHIPOWNER AND THE VESSEL ARE BOUND BY THE CONTRACTS OF CARRIAGE AS EVIDENCED BY THE BILLS OF LADING

Uniwire argues that the forum selection clause should not apply to the vessel owner and the vessel because the bills of lading indicate that the carrier is Chinese Polish-Joint Stock Shipping Co. ("CPJS"). Under United States law, this argument is unavailing. Pursuant to the charter party agreement, (Exhibit A, Clause 30, Defendants' Motion Papers), the vessel owners authorized CPJS to issue the bills of lading in question. As such, the vessel owners and vessel are bound by the bill of lading terms. Regardless of how the bill of lading may define "carrier", the term "carrier" has been uniformally construed by the Second Circuit to include all owners and charterers that are involved in the carriage of goods. It is not limited to the parties executing a bill of lading or other contract of carriage. *Joo Seng Hong Kong Co., Ltd. v. S.S. UNIBULKFIR*, 483 F. Supp. 43, 45 (S.D.N.Y. 1979); *In re Daewood Int'l (America) Corp.*, No. 01-8205, 2001 U.S. Dist. LEXIS 19796 (S.D.N.Y.

NYDOCS1/294261.1                                6

Dec. 3, 2001); *Duferco Steel, Inc. v. M/V FESTIVITY*, No. 97-7898, 1998 U.S. Dist. LEXIS 12462 (S.D.N.Y. Aug. 13, 1998); *Metallia U.S.A., L.L.C. v. M/V KAPITONAS STULPINAS*, No. 98-3497, 1998 U.S. Dist. LEXIS 21818 (S.D.N.Y. Dec. 16, 1998); *RMS Int'l Shipping Gmbh v. Stemcor USA, Inc.*, No. 90-4918, 1991 U.S. Dist. LEXIS 9852 (S.D.N.Y. July 18, 1991).

In the *Joo Seng* decision, Judge Sand stated that "although [COGSA] provides no precise definition for the term 'carrier', it clearly suggests that the term is not limited to a party who signs the bill of lading." *Joo Seng*, 483 F. Supp. at 45. Judge Sand further concluded:

> [T]here is strong statutory support for treating, except in exceptional situations, all owners and charterers involved in the carriage of the goods at issue as COGSA carriers who are potentially liable to cargo interests under the bill of lading. . . . *The statute seems to have been deliberately drawn so as not to limit the term to a party to the bill of lading or contract of carriage.* The liability section in particular appears broad enough to include any number of different parties *involved in the shipment and handling of the goods.*

483 F. Supp. at 46-47 (emphasis added).

Accordingly, under the applicable jurisprudence, no bill of lading privity requirement need be satisfied before a party gains carrier status under COGSA.

It is important to note that Uniwire sued CPJS, the vessel and her owner as carriers under the subject bills of lading. It is well settled law that a plaintiff, having sued a shipowner under a bill of lading, is bound by all of the terms and conditions of those bills, including the forum selection clause. *F.D. Import & Export Corp. v. M/V REEFER SUN*, 248 F. Supp.2d 240, 248-49 (S.D.N.Y. 2002); *Mitsui & Co. v. M/V MIRA*, 111 F.3d 33, 36 (5th Cir. 1997); *Kanematsu Corp. v. M/V GRETCHEN W*, 897 F. Supp. 1314, 1317 (D. Or. 1995). As Judge Scheindlin has stated:

> . . . because it alleges that it is owed a duty by the . . . carrier[,] [plaintiff] cannot pick and chose among the clauses of the bills of lading, selecting those that impose duties on the vessel and impose liability while avoiding those that establish the forum where that liability is to be determined.

248 F. Supp.2d at 248-49.

Finally, there is no merit to the contention that the vessel is not bound by the bills of lading. The vessel, through its personification, is also bound by the terms of the bills of lading. *Cargill B.V. v. S/S OCEAN TRAVELLER*, 726 F. Supp. 56, 61 (S.D.N.Y. 1989) (rejecting argument that charterer not bound to arbitrate with vessel because ship was not "the carrier" — hence charterer compelled to arbitrate its *in rem* claim against ship); *QUEEN OF THE PACIFIC*, 180 U.S. 49, 53 (1901) (rejecting argument that contractual limitation period applied against owner but not against ship). In light of the above authorities, Uniwire's "carrier" argument is without merit.

**POINT III**

**IN PROVIDING THE LOU AS SECURITY FOR PLAINTIFF'S CLAIM, VESSEL INTERESTS HAVE NOT WAIVED THEIR RIGHT TO HAVE THE DISPUTE ADJUDICATED BY THE GDANSK COURT**

Clearly, the LOU was posted by the vessel' P&I Club as security in consideration for plaintiff's refraining from arresting the vessel. The purpose of a Club LOU is to provide security for any claim against the vessel that ultimately proves successful on the merits. *Bison Pulp & Paper Ltd. v. M/V PERGAMOS*, No. 89-1392, 1995 U.S. Dist. LEXIS 22057, *10 (S.D.N.Y. Nov. 29, 1995). Indeed, in presenting the proposed LOU language, Uniwire's counsel stated: "We hereby demand a P&I Club letter of Undertaking. . .to stand as security for the above referenced cargo claims." (See attached correspondence from plaintiff's counsel, Exhibit G).

The intent of the LOU was to place Uniwire in the same position it would have been in if the vessel had been arrested in New York. If the vessel had been arrested, the arrest would not have abrogated the agreed upon forum clause. In arguing "waiver" and/or "estoppel", Uniwire confuses the concepts of *in rem* and *in personam* jurisdiction. By its nature and terms, the LOU only conveys jurisdiction and venue relating to the *in rem* claim because the vessel was in New York and subject to arrest at the time the LOU was issued. The LOU does not speak in terms of personal jurisdiction or venue for hearing the entire litigation. Indeed, the LOU makes no reference to the forum

NYDOCS1/294261.1                                8

selection clause contained in the bills of lading. Uniwire confuses a "remedy" with the proper court to adjudicate the parties dispute. *M/V TOKIO EXPRESS,* 1999 U.S. Dist. LEXIS 1807 *6.

Moreover, Uniwire ignores the following language contained in the LOU:

> This Letter is written entirely ***without prejudice to any rights or defenses which the said vessel or Owners may have under the covering Bill(s) of Lading*** and/or Charter Parties and/or statutes in effect, ***none of which is to be regarded as waived***. (Exhibit D-Defendants Motion Papers).

The above language makes it clear that the Defendants did not waive their right to assert the forum selection clause as a defense. Courts that have addressed this precise issue have ruled that the LOU does not supersede the forum selection clause contained in the parties' contract, especially when there is explicit language negating waiver. *See e.g. Trafigura Behher B.Vv. v. M/T PROBO ELK,* No 06-20576, 2007 U.S. App. LEXIS 16909, 2007 A.M.C. 2096 (5th Cir. 2007); *M/V PERGAMOS,* 1995 U.S. Dist. LEXIS 22057, *49-51; *Oman Refinery Co. LLC v. M/T BERTINA,* 1993 A.M.C. 147 (C.D.Cal. 1992); *Perez & Cia (Cataluña), S.A. v. M/V MEXICO I,* 826 F.2d 1449 (5th Cir. 1987) *National Material Trading v. M/V KAPTAIN CEBI,* Nos. 95-3673, 96-0095 and 96-3288, 1997 U.S. Dist. LEXIS 24027, 1998 A.M.C. 201 (S.S.C. March 1997). By contrast, Uniwire offers no authority in support of its position that the LOU language here ousts the forum selection clause contained in the bills of lading.[2]

By filing a Verified Claim of Owner in compliance with the LOU, the vessel Owner appeared before the Court as if its ship had been arrested in New York. As this Court has stated:

> International cargo suits frequently involve an *in rem* claim against the vessel. If the ability of the plaintiff to tie up the ship meant that the previously agreed-to forum choice could be routinely negated as the price for release of the vessel, the policy espoused by the Supreme Court . . . of honoring pre-suit forum agreements would be substantially weakened. In so concluding, we do not suggest that a vessel owner may not freely waive his contractual right to a specified forum. All that we conclude is that such ***a***

---

[2] To the extent that this Court finds any ambiguity in the LOU, that ambiguity under the doctrine of *contra proferentem,* must be construed against Uniwire, the drafter of the LOU. *McCarthy v. American Int'l Group,* 283 F.3d 121, 124 (2d Cir. 2002) (equivocal contract provisions generally interpreted against drafter).

> *waiver must be clearly agreed to and not implied from either circumstances or contractual language that does not readily support such an inference*.

*M/V PERGAMOS*, 1995 U.S. Dist. LEXIS 22057, *50-51 (emphasis supplied).[3]

By attempting to avoid the Polish forum selection clause contained in the bills of lading, Uniwire seeks to (a) undermine the federal public policy favoring enforcement of forum selection clauses and (b) circumvent the Parties' contractually agreed upon forum.

## CONCLUSION

For the reasons set forth herein, the claims against the Defendants in this litigation should be dismissed pursuant to the forum selection clause contained in the bill of lading contracts of carriage.

Dated: New York, New York
       November 21, 2007

                                   FREEHILL HOGAN & MAHAR, LLP
                                   Attorneys for Defendants CHINESE-
                                   POLISH JOINT STOCK SHIPPING
                                   COMPANY and STEMBLAR SHIPPING
                                   COMPANY LIMITED

                      BY: _____
                                   James L. Ross (JR 6411)
                                   Manuel A. Molina (MM 1017)

TO:    Nicoletti Hornig & Sweeney
          Attention: James F. Sweeney, Esq.
          Ref: 92000047 JFS

---

[3] Uniwire also argues that the LOU estopps Defendants from demanding enforcement of the forum selection clause. As conceded by Uniwire, the LOU provides security over its cargo claims; it has nothing to do with subjecting Defendants to the personal jurisdiction of the Court or the adjudication on the merits. Thus, by its own admission, Uniwire cannot establish the necessary element of detrimental reliance. Further, Uniwire has not established that Defendants misled it in any away; Uniwire voluntarily accepted a LOU securing its claim in exchange for not arresting the vessel. Finally, Uniwire has not been prejudiced, as the LOU will stand to cover a judgment against Defendants in Poland.

NYDOCS1/294261.1                    10