**EXHIBIT "F"**

NYDOCS1/294213.1

297-06/ROSS

FREEHILL HOGAN & MAHAR, LLP
Attorneys for CHINESE-POLISH
JOINT STOCK SHIPPING COMPANY and
STEMBLAR SHIPPING COMPANY LIMITED
80 Pine Street
New York, New York 10005
(212) 425-1900

James L. Ross (JR 6411)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
UNIWIRE TRADING LLC,

                Plaintiff,

- against -

M/V WLADYSLAW ORKAN, her engines,
boilers, etc., CHINESE-POLISH JOINT STOCK
SHIPPING COMPANY and STEMBLAR
SHIPPING COMPANY LIMITED,

                Defendants
-------------------------------------------------------

ECF Case

07 CV 3427 (NRB)

**DECLARATION OF
SLAWOMIR NOWICKI**

I, SLAWOMIR NOWICKI, pursuant to the laws of the United States of America, declare under penalty of perjury, that the following is true and correct:

1.     I am a Polish qualified lawyer admitted to the bar of legal advisers in 1999. Since then I am a partner of Wybranowski Nowicki Law Office, A. Wybranowski, S. Nowicki, A. Luczak—registered partnership with its seat in Szczecin, Poland. As a legal adviser, I can provide generally all kind of legal services to natural persons as well as bodies corporate. In particular, I am allowed to represent the clients at Polish courts of all instances, however, with some exclusions in regard to criminal and family law. Since 1997, I have specialized in the shipping matters that presently are almost exclusive

subject of my services. I am often retained by shipping companies to assist in court matters, arbitrations as well as for negotiating and drafting of the contracts used in the shipping trade. I am also an arbitrator of the International Arbitration Court at the Polish Chamber of Maritime Commerce in Gdynia, Poland. For the last two years, I was a lecturer of maritime law at the Offices Training Center of Maritime Academy in Szczecin, Poland.

2. Poland is a signatory to the Hague-Visby Rules (HVR). After reading the United States Carriage of Goods by Sea Act (COGSA) (as shown at http://www.access.gpo.gov/uscode/title46a/46a_22_.html), I believe it regulates the same scope of matters as the HVR, i.e. the carrier's duties and obligations under a sea carriage contract and carrier's liability arising out of the same.

3. Article III §8 of the HVR, provides as follows:

> Any clause, covenant, or agreement in a contract of carriage relieving the carrier or the ship from liability for loss or damage to, or in connection with, goods arising from negligence, fault, or failure in the duties and obligations provided in this article or lessening such liability otherwise than as provided in these Rules, shall be null and void and of no effect. A benefit of insurance in favor of the carrier or similar clause shall be deemed to be a clause relieving the carrier from liability.

The above wording contains the same language as 46 U.S.C. §1303(8) of COGSA.

4. I have reviewed the copies of the bills of lading nos. CPJQOR15TXGNEW02 and CPJQOR15TXGEW03 dated 28 April 2006 that I was informed are involved in this litigation and note that they both appear to state as follows:

22. U.S.A. Clauses:

(a) If this Bill of Lading covers Goods shipped to and from the United States, provisions of the Carriage of Goods by Sea Act of the U.S.A., approved April 16, 1936, shall be deemed to be incorporated herein. The defenses and limitations of said Act apply to Goods whether carried on or under deck.

5. As the voyage in question was from China to the United States, the District Court in Gdansk, on the request of one of the parties of the litigation, should in my opinion enforce and apply the terms and conditions of COGSA in relation to the parties bound by the carriage contract evidenced by the bills of lading while deciding that litigation.

6. While our Polish Courts do not recognize an IN REM claim against the vessel carrying the goods arising out of the carriage contract for these goods, this would not prevent our Court from applying United States substantive law as described in par.5 above pursuant to the terms of Clause 22 in the bill of lading..

Dated:     November 21, 2007

_____
SLAWOMIR NOWICKI